WILLIAM A. BOYD, Respondent, *v.* GERTIE A. GORMAN,
Appellant.

APPEAL — ACTION FOR PROFESSIONAL SERVICES OF ATTORNEY.  The
restriction of the right of appeal to the Court of Appeals from a unani-.
mous affirmance by the Appellate Division " in an action to recover wages,
salary or compensation for services " (Code Civ. Pro. § 191, amd. L. 1898,
ch. 574) extends to an action to recover compensation for professional ser- '
vices of an attorney.

*Boyd* v. *Gorman,* 29 App. Div. 428, appeal dismissed.

(Argued November 21, 1898; decided December 6, 1898.)

MOTION to dismiss an appeal from a judgment of the Appel-
late Division of the Supreme Court in the first judicial depart-
ment, entered June 9, 1898, affirming a judgment in favor of
plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material,.
are stated in the opinion.

*Thomas Allison* for motion.  The judgment is not appeal-
able to this court.  (Subd. 2, § 191, Code Civ. Pro., as.
amended by ch. 574, L. 1898.)

*Treadwell Cleveland* opposed.    The judgment is appealable
.as a matter of right.    The legislature intended to make pro-
vision for appeals in cases of the claims of employees and
laboring men who should be employed under a given rate of
wages or at a given salary or rate of compensation, and for
such only.    (Subd. 2, § 191, Code Civ. Pro., as amended by
.ch. 574, L. 1898.)

Vann, J.    This action was brought by an attorney and
.counselor at law as upon a *quantum meruit* to recover compen-
sation for professional services rendered by him upon the
retainer of the defendant.    Upon the trial before a referee
the plaintiff recovered and judgment was entered in his favor
on the 27th of August, 1897.    An appeal was taken by the
defendant to the Appellate Division, which unanimously
.affirmed said judgment on the 9th of June, 1898.    Two days
later, without procuring leave from any source, the defendant
.appealed to this court, and the plaintiff now moves to dismiss
the appeal upon the ground that owing to recent legislation
we have no jurisdiction to entertain it.

. The Code of Civil Procedure now provides that " no appeal
.shall be taken to " this " court from a judgment of affirmance
hereafter rendered in an action to recover damages for a per-
sonal injury, or to recover damages for injuries resulting in
death, or in an action to set aside a judgment, sale, transfer,
conveyance, assignment or written instrument, as in fraud of
the rights of creditors, *or in an action to recover wages, salary
or compensation for services, including expenses incidental
thereto, or damages for breach of any contract therefor*, when
the decision of the Appellate Division of the Supreme Court
is unanimous, unless such Appellate Division shall certify that
in its opinion a question of law is involved which ought to be
reviewed by the Court of Appeals, or unless in case of its
refusal to so certify, an appeal is allowed by a judge of the
Court of Appeals."    (Code Civ. Pro. § 191, par. 2.)    The
part italicised in the above quotation was inserted by chapter

574 of the Laws of 1898, which went into force on the 27th of April last.

It is urged in opposition to this motion that the legislature intended by the amendment of this year " to make provision for appeals in cases of the claims of employees and laboring men who should be employed under a given rate of wages or at a given salary or rate of compensation, and for such only." We do not think this position should be sustained. The language of the amendment is so broad and comprehensive as to fairly embrace claims for professional services. Not only are wages and salary mentioned, but " compensation for services " also. No intention on the part of the legislature is apparent from the words of the statute to discriminate between the services of a day laborer and those of a professional man. The word " services," as used in the statute, means work done by one person at the request of another, and the nature of the work, whether of a humble or high grade, is unimportant. The lawyer serves his employer, the same as a hod-carrier or a bookkeeper, by personal labor in his particular line, and the payment that he receives therefor is simply compensation for services.

The history of said amendment to the Code, when considered in connection with the recent change in the judiciary article of the Constitution, shows that the object of the legislature was to relieve the calendar of the Court of Appeals. The Constitution not only expressly restricted appeals to this court, but it also authorized the legislature to place further restrictions upon the right of appeal, provided the right was not made to depend upon the amount involved. (Const. art. VI, § 9.) The legislature, at its first session after the adoption of the Revised Constitution, carried the express restriction into effect by an enactment which was almost in the language of the Constitution itself. (L. 1895, ch. 946, § 1; Code Civ. Pro. § 191.) It did not exercise the right to further restrict appeals until the session of 1896, when it prohibited appeal, except by permission, from a unanimous judgment of affirmance in actions for personal injuries, for injuries result-

ing in death, or to set aside judgments or transfers as in fraud of creditors. (L. 1896, ch. 559; Code Civ. Pro. § 191.) In 1898 it added actions to recover wages, salary or compensation for services, as already appears. Thus we have progressive action toward the single object of relieving a court overburdened with work. The legislature in the exercise of its power to restrict appeals, wisely selected those classes of actions in which the law has been so well settled for so long a period as to make a second appeal unnecessary, except in rare instances involving new questions, when permission can readily be obtained.

We think the language of section 191, as well as its history, show that the object of the legislature by its last amendment was to place a judicious limitation upon the right of appeal to the court of last resort by adding to the list of non-appealable actions those brought to recover compensation for personal services of any kind.

The motion to dismiss must, therefore, be granted, with costs.

All concur.

Appeal dismissed.