(54 App. Div. 155.)

## DONNELLY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. October 26, 1900.)

COURT OF APPEALS—JURISDICTION—GROUND FOR APPEAL—STATUTE—CONSTRUCTION.

> Code Civ. Proc. § 191, subd. 2, providing that no appeal shall be taken to the court of appeals from a unanimous affirmance of a judgment by the appellate division rendered in an action "to recover wages, salary, or compensation for services," except on certain conditions, refers only to cases where the claim for such wages, salary, or compensation arises out of a contract relation, and not where the compensation is determined by statute as an incident to a public office.

Action by Felix Donnelly against the city of New York. A judgment of the appellate division (65 N. Y. Supp. 1030) affirmed a judgment in favor of the defendant, and plaintiff moves for leave to appeal to the court of appeals. Motion denied.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

John A. Quintard, for the motion.

JENKS, J. We think that the language of subdivision 2 of section 191 of the Code of Civil Procedure, with reference to actions to recover wages, salary, or compensation for services, refers only to cases where the claim for such wages, salary, or compensation arises out of a contract relation, and that the subdivision does not apply to a case like this, where the compensation is determined by statute as an incident to a public office. In Boyd v. Gorman, 157 N. Y. 365, 368, 52 N. E. 113, the court, per Vann, J., discussing the incorporation of the subdivision in question, say:

> "Thus, we have progressive action towards the single object of relieving a court overburdened with work. The legislature, in the exercise of its power to restrict appeals, wisely selected those classes of actions in which the law has been so well settled for so long a period as to make a second appeal unnecessary, except in rare instances, involving new questions, when permission can readily be obtained."

Actions of a character similar to this do not meet the reason given by the court for the restriction, inasmuch as they actually require the construction of express statutory provisions, rather than the application of well-settled general principles of law. For these reasons, we think that the motion should be denied, as not necessary in this case.

Motion denied, without costs. All concur.