CHRISTOPHER W. YOUNG, Plaintiff, *v.* THE CITY OF ROCHESTER, Defendant.

*Chapter* 534 *of the Laws of* 1901 *giving salaries to aldermen — it applies to alder-men in office at the time of its passage — right of an alderman to resign his office — retroactive legislation taking away vested rights.*

Chapter 534 of the Laws of 1901, which amended section 13 of the charter of cities of the second class (Laws of 1898, chap. 182) by attaching a salary to the office of alderman, and which took effect immediately, is not void as to an alderman of a city of the second class, elected, at a time when no salary was attached to the office, for a term of two years beginning January 1, 1900, and who served out his term.

The theory that such alderman was bound to complete his term and that, for this reason, the attaching of the salary to the office was a mere gratuity, is untenable, as, under the provisions of the Public Officers Law (Laws of 1892, chap. 681, § 21), he had a right to resign his office at any moment, and it must be presumed that, in serving out his entire term, he acted in reliance upon the statute.

Chapter 3 of the Laws of 1902, providing that the amendment above mentioned should take effect January 1, 1902, and that nothing in such amendment or in the act amended should be "taken or held as granting or conferring any salary to any alderman of any of the cities of the second class, for services as such alderman, for any part of the year nineteen hundred and one," is uncon-stitutional, as being an attempt to take away vested rights by retroactive legislation.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

*John F. Kinney,* for the plaintiff.

*William A. Sutherland* for the defendant.

HISCOCK, J. :

Plaintiff seeks to recover the sum of $512.50, with interest, as salary which became due to him as an alderman of the city of Rochester during part of his term.

We think he should be allowed to recover.

The facts involved in the controversy are few and very simple. Plaintiff was elected as an alderman of one of the wards in the defendant in November, 1899, and qualified and entered upon the

discharge of his duties as such in January, 1900. His term of office was for two years. At and for some time subsequent to the date of his election no salary was attached to the office. April 25, 1901, an act (Chap. 534) was passed by the Legislature, which took effect immediately, so amending section 13 of chapter 182 of the Laws of 1898, entitled "An act for the government of cities of the second class," as to attach to said office of alderman held by plaintiff a salary at the rate of $750 per year. No question is raised upon this argument as to the effect of this amendment in this respect or that the Legislature had the power to pass it. Plaintiff, after said amendment took effect and under its provisions, continued to discharge the duties of his office until the expiration of his term in December, 1901. January 22, 1902, the Legislature passed an act (Chap. 3, amdg. Laws of 1901, chap. 534, § 2) to take effect immediately, which provided, in effect, that the amendment attaching a salary to the office of alderman above referred to should take effect January 1, 1902, and that nothing in said amendatory act or in the act amended should be "taken or held as granting or conferring any salary to any alderman of any of the cities of the second class, for services as such alderman, for any part of the year nineteen hundred and one;" and that no action at law or other proceeding should "be had or maintained, or judgment recovered, in any of the courts of this State for or on account of salaries for or on behalf of any such alderman, for services as such, for any part of the year nineteen hundred and one." Plaintiff claims that under the provisions of the first act he became vested with the right to the salary, therein provided for, for so much of his term of office as followed its enactment, which could not be taken away by the retroactive legislation of the last act.

Defendant's counsel, in support of his contention that the act of 1902 was constitutional and valid and deprived plaintiff of any claim to salary, has, with much industry, called to our attention a large number of cases adjudicating the right of the Legislature to change the salary or term of an office such as plaintiff held even after the incumbent has been elected thereto. The principles laid down in such cases are too well established to permit of dispute or even doubt. They are conceded by the plaintiff in this case. There is no question but that the Legislature, after plaintiff was elected to the office of alderman, would have had the right to reduce or

App. Div.]　　FOURTH DEPARTMENT, MAY TERM, 1902.

abolish a salary if attached thereto, or would have had the right to change and reduce the duration of the term for which it might be held. The legislative acts sustained by the cases which have been called to our attention, however, all differ vitally from the one involved here in that they provide for some change of condition to become effective in the present or the future, whereas the act here under discussion is retroactive and relates to the past.

The act under which plaintiff seeks to recover did not give any salary for a period preceding its passage. If it had, clearly it would have attempted to give a bonus or gratuity and would have been void.

Defendant's counsel argues that even though relating to the future it still gave such a gratuity, and that there is no consideration as between plaintiff and defendant by virtue of which he may enforce its provisions. In support of this contention, we find the learned counsel stating in his brief: " The plaintiff was bound to accept the office to which he was elected, and became obligated to serve without compensation during the full two years for which he was elected." And again: " On the 13th day of November, 1899, he (plaintiff) signed, swore to and filed with the Clerk of the City of Rochester his oath of office, wherein he solemnly vowed, covenanted and swore with the people that he would faithfully discharge the duties of the office of alderman for the term for which he had been elected." In line with the idea thus set forth, it is argued that, by accepting an election as alderman and by taking the oath as such, plaintiff became absolutely bound to and with the city of Rochester to serve as one of its aldermen for the full term for which he was elected ; that at the time when the act of April 25, 1901, was passed, he could not resign from or relinquish the office, and, therefore, under no possibility could be regarded as having continued in the office and to discharge the duties thereof in reliance upon the act which granted him salary. If this reasoning could be sustained, we think it would have much force in leading us to the conclusion that the salary granted to plaintiff was a gratuity and the act void. We are, however, unable to adopt the reasoning. While public policy may require that a person elected to office should continue to discharge the duties thereof for its full term, and while laws have from time to time been enacted visiting a punishment or

penalty upon one who refused to accept and discharge the duties of an office to which he was elected, there was in our opinion no law which compelled plaintiff, after election to the office of alderman, to stay in the office or discharge its duties any longer than he desired to. It was and is expressly provided by the Public Officers Law (Laws of 1892, chap. 681, § 21) that "Public officers may resign their offices as follows: * * * The officer of any other municipal corporation to the clerk of the corporation," and that "Every resignation shall be in writing addressed to the officer or body to whom it is made. If addressed to an officer, it shall take effect upon delivery to him at his place of business or when it shall be filed in his office." We are not supplied with a copy of the oath which the plaintiff took, but we assume that it was the ordinary one provided by law and the Constitution. If such, it plainly bound plaintiff to a faithful discharge of the duties of the office while he held the same, and could not, by any possibility, be construed into an oath, as claimed by the learned counsel for the defendant, that he would remain in office until the expiration of his term.

We, therefore, have it that at the time when the act granting the salary was passed, plaintiff had the right at any moment to resign and retire from the office which he held. Under such conditions the act was passed giving a compensation for the discharge of the duties of the office. Knowing of these provisions, as he must be presumed to have known, plaintiff continued in office and to perform the duties thereof until his term expired. We think it must be held that in so doing he relied upon and took into consideration and account the provisions of the act.

It is conceded in behalf of defendant that if a salary had been attached to this office at the time plaintiff secured an election thereto any portion thereof which had accrued could not be taken away from him by a subsequent legislative act. Keeping in mind the right of plaintiff at any time in the midst of his term to retire from office, we do not see that the legislation in question stands upon a much different basis. In the case first assumed it might be argued that plaintiff would have sought the office as quickly and readily though no salary was attached. Nevertheless, having been elected to the office while it carried with it a salary he would have

acquired a vested right thereto which could not be destroyed by retroactive legislation. In the case at bar it is argued that plaintiff would have continued in office though no salary had been attached thereto. Nevertheless, having the right to retire at any moment, he continued to serve under a law which said that he should have a salary for so doing. Under such circumstances contractual relations arose and accrued between him and the defendant which entitle him to demand the compensation promised and which would be annulled or destroyed by an act such as is relied upon by defendant. (*Fisk* v. *Jefferson Police Jury,* 116 U. S. 131.)

We think that the cases cited in behalf of the defendant may all be readily distinguished upon their facts from this one. It is impossible within reasonable limits to review them all. We shall simply refer to two which seem to be especially relied upon by counsel.

In *Healey* v. *Dudley* (5 Lans. 115) the court impliedly held that a board of supervisors had the right to pass a resolution rescinding a former resolution granting $500 back pay to a county judge. This case, however, fairly involved and rested upon the proposition that the original resolution rescinded was absolutely unconstitutional and void, and in this and other respects the case radically differs from the one presented to our consideration.

In *Nash* v. *White's Bank of Buffalo* (105 N. Y. 243) the Legislature, by enactment and repeal of other acts, destroyed plaintiff's right to recover certain penalties imposed upon banks for taking unlawful interest. It is manifest, however, that the abatement of penalties inflicted by way of punishment for violations of law is very different, even though it destroys a cause of action vested in a private individual, from the impairment of vested rights resting upon contract express or implied.

In accordance with these views judgment is ordered for the plaintiff for the sum of $512.50, with interest thereon from January 1, 1902, together with costs.

McLENNAN, SPRING, WILLIAMS and DAVY, JJ., concurred.

Judgment ordered for the plaintiff for the sum of five hundred and twelve dollars and fifty cents ($512.50), with interest thereon from January 1, 1902, together with costs.