FRANK S. O'NEIL, Respondent, *v.* STATE OF NEW YORK, Appellant.

Comptroller — Court of Claims — when no appropriation has been made for salary of state official comptroller's refusal to audit a payroll therefor is right — Court of Claims has jurisdiction to hear and determine claim for such salary.

1. Where no appropriation was made for the payment of the salary of a member of a State commission, the comptroller properly refused to audit a payroll covering such period for the reason that no appropriation applicable thereto had been made. (State Finance Law; Cons. Laws, ch. 56, § 36.)

2. While the Court of Claims "has no jurisdiction of a claim submitted by law to any other tribunal or officer for audit or determination except where the claim is founded upon express contract and such claim, or some part thereof, has been rejected by such tribunal or officer" (Code Civ. Pro. § 264), this is not such a claim. The comptroller did not audit the claim and reject it, but refused to hear it because no money had been appropriated to pay it. The Court of Claims was open to this claimant and its determination was based on facts adequate to sustain the award.

*O' Neil* v. *State*, 177 App. Div. 941, affirmed.

(Argued February 13, 1918; decided February 26, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered April 6, 1917, *unanimously* affirming a judgment in favor of plaintiff entered upon an award of the Court of Claims.

The facts, so far as material, are stated in the opinion.

*Merton E. Lewis,* Attorney-General (*Edmund H. Lewis* of counsel), for appellant.   The judgment of the Court of Claims herein is void.   (*Buckles* v. *State,* 221 N. Y. 419; *People* v. *Dennison,* 84 N. Y. 272; *Lewis* v. *State of New York,* 96 N. Y. 71; *Rexford* v. *State of New York,* 105 N. Y. 229; *Peck* v. *State of New York,* 137 N. Y. 372; *Quayle* v. *State,* 192 N. Y. 47; *Flower* v. *State,* 143 App. Div. 871; *Nichols* v. *MacLean,* 101 N. Y. 526; *Fitzsimmons* v. *City of Brooklyn,* 102 N. Y. 536; *Connor* v. *Mayor, etc.,* 5 N. Y. 285; Throop on Public Officers, §§ 19, 443, 456; *Hughes* v. *Cuming,* 165 N. Y. 91.)   The claimant was entitled to no salary under chapter 680 of the Laws of 1915, until the legislature had made an appropriation therefor by chapter 725 of the Laws of 1915.   (Const. of N. Y. art. 3, § 21; Cons. Laws, ch. 56, §§ 35, 36.)

*Henry D. Patton* for respondent.   The Court of Claims had jurisdiction to hear and determine the claim herein. (*Kinser Const. Co.* v. *State,* 204 N. Y. 381; *Kirby* v. v. *State,* 68 Misc. Rep. 626.)   The claimant is included within the provisions of chapter 680 of the Laws of 1915 and became entitled to the salary attached to his office as soon as the act became a law.   (*Johnson* v. *H. R. R. R. Co.,* 49 N. Y. 455; *People* v. *Butler,* 147 N. Y. 164; *Hayden* v. *Pierce,* 144 N. Y. 512; *Fisk* v. *Jefferson Police Jury,* 116 U. S. 131; *Young* v. *City of Rochester,* 73 App. Div. 81.)   The failure of the legislature to appropriate a sufficient amount of money to pay the

claimant's salary is no bar to the claimant's right of recovery. (*People ex rel. Smith* v. *Trustees*, 11 App. Div. 108; *Greene* v. *Purnell*, 12 Md. 333; *Riggs* v. *Brewer*, 64 Ala. 282; *State* v. *Weston*, 4 Neb. 216.)

Pound, J. This is a claim for salary based on the provisions of chapter 680, Laws of 1915, in effect May 22, 1915, which provided an annual salary of $3,000 for each member of the state athletic commission. Claimant had served as such commissioner from July 26, 1911, under the original act creating the athletic commission (L. 1911, ch. 779), which made no provision for compensation and he continued to serve until October 8, 1915, when his successor was appointed.

No appropriation was made for the payment of claimant's salary for the period between May 22, 1915, and October 1, 1915, and when a payroll covering such period was submitted to the comptroller he properly *refused to audit* the same for the reason that no appropriation applicable thereto had been made. The State Finance Law [Cons. Laws, ch. 56] (§ 36) provides that " The comptroller shall not audit any claim for salary, labor or wages, unless an appropriation applicable thereto has been already made specifying the amount thereof appropriated for such purpose." Thereupon the attorney-general and the claimant's attorney agreed on the facts and submitted them to the Court of Claims for decision. The Court of Claims made its determination in favor of claimant and ordered an award in his favor. On appeal to the Appellate Division this determination was unanimously affirmed. On appeal to this court the attorney-general challenges the jurisdiction of the Court of Claims to determine the claim. He may raise the question of jurisdiction because he could not waive it. (*Buckles* v. *State*, 221 N. Y. 418, 422.) Leave to appeal to this court under Code of Civil Procedure (§ 191, subd. 2)

as it read when this appeal was taken was unnecessary because it has been held that an action brought by a public officer to recover compensation fixed by statute is not an action for salary within the contemplation of the section. (*Donnelly* v. *City of New York,* 54 App. Div. 155; affd., 166 N. Y. 592.)

The Court of Claims " has no jurisdiction of a claim submitted by law to any other tribunal or officer for audit or determination except where the claim is founded upon express contract and such claim, or some part thereof, has been rejected by such tribunal or officer." (Code Civ. Pro. § 264.) This is not such a claim. To audit is to hear, to examine, to adjust, allow or disallow. (*Stemmler* v. *Mayor, etc., of N. Y.,* 179 N. Y. 473.) The comptroller did not audit the claim and reject it. He refused to hear it because no money had been appropriated to pay it. He was not required to audit the claim unless he had such funds applicable to its payment. (State Finance Law, § 36.) This point of jurisdiction was expressly reserved in the case of *Quayle* v. *State* (192 N. Y. 47, 53) where the court says, after discussing the auditing power of the comptroller, " the question whether, where the comptroller has refused audit because the appropriation has been exhausted, a claim may be submitted to the Court of Claims, it is unnecessary to determine." The attorney-general ought not to be permitted to say that this claim should not have been submitted by him to the Court of Claims unless the lack of jurisdiction is clear. The distinction between a claim submitted to the comptroller, and audited and rejected by him and a claim where audit is refused for lack of jurisdiction was plainly recognized by the state in the agreed statement of facts and the distinction should not be ignored if it may rationally and consistently be made.

The right of claimant to his salary from May 22 to October 1, 1915, is clear, not because there was any

express contract between the officer and the state (*Fitzsimmons* v. *City of Brooklyn*, 102 N. Y. 536, 538), but because the salary was an incident to the office. (*Fisk* v. *Jefferson Police Jury*, 116 U. S. 131; *Young* v. *City of Rochester*, 73 App. Div. 81.)   If the state could deprive him of that right by refusing to make an appropriation therefor it would be impairing its direct obligation to pay him.   The state is sovereign and it may withhold remedies to enable a suitor effectively to establish a claim against it.   Mandamus to the comptroller to compel the allowance of the claim would be an inadequate remedy.   The clear legal duty of the comptroller required him to refuse to audit a claim if there was no appropriation of funds by the legislature available for its payment.   The Court of Claims was open to this claimant and its determination was based on facts adequate to sustain the award.

The judgment appealed from should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, HOGAN, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment affirmed.