RICHARD J. HEINEMANN, Claimant, *v.* THE STATE OF
NEW YORK.

## Claim No. 16661.

(State of New York, Court of Claims, January, 1921.)

Liquor Tax Law, § 7. as amended in 1918 — powers of state com-
missioner of excise — when claim for salary dismissed —
statutes — State Finance Law, § 35.

Under section 7 of the Liquor Tax Law, as amended in
1918, the state commissioner of excise has power to appoint
special agents at an annual salary, but as the statute fixes no
term of office, the commissioner of excise may in his discretion
discharge or remove a special agent at any time.

Where the state commissioner of excise, as in duty bound
by section 35 of the State Finance Law, notifies a special
agent appointed by him under section 7 of the Liquor Tax Law,
that the legislature has made no appropriation for special
agents, beyond March 31, 1920, such action of the commis-
sioner is a notification to the special agent, who was serving
in continuance of a probationary appointment made in 1915,
that his services would be no longer required, and his claim
for salary for the month of April, 1920, must be dismissed.

*O'Neil v. State of New York,* 223 N. Y. 40, distinguished.

CLAIM for salary as special agent of the state
commission of excise.

Edward J. Halter, for claimant.

A. A. Armitage, deputy attorney-general, for state
of New York.

MORSCHAUSER, J.   The claimant presents a claim
against the state to recover for salary as special
agent of the state commission of excise for a period

beginning April 1, 1920, and ending April 30, 1920, amounting for the month, for which he makes a claim, to the sum of $150. He alleges that he was appointed a special agent pursuant to section 7, chapter 39 of the Laws of 1909, constituting chapter 34 of the Consolidated Laws known as the Liquor Tax Law. The claimant was appointed special agent by the state commissioner of excise to take effect May 11, 1915, at a salary of $1,000 per annum. The rules of the civil service commission placed the special agents of the excise department in the competitive class; and the claimant was appointed from a civil service list. The appointment, pursuant to the civil service rules, was for a probationary term of three months. There was no further appointment of the claimant, and he continued to act as special agent under the original appointment until March 31, 1920. At the time of the claimant's appointment an oath of office was unnecessary but during the World War the legislature by chapter 574 of the Laws of 1917 required all persons employed by the state, and its civil divisions, to take and file an oath of office. On the 9th day of May, 1917, the claimant took such oath and filed the same June 15, 1917, in the office of the secretary of state. The claimant also filed the bond required by law. The claimant under the Excise Law was entitled for the first year to an annual salary of $1,000. After he had served one year from the date of his appointment he was entitled to an annual salary of $1,250, and after he had served two years he was entitled to an annual salary of $1,500. The law fixing the salary was amended by chapter 469 of the Laws of 1918, which provides that special agents in the excise department for the first year should receive $1,000 per annum, the second year $1,250 per annum and the third year $1,500 per annum, and further provided that after

such special agents had served three years they should receive an annual salary of $1,800.

By chapter 177 of the Laws of 1919, the legislature in its appropriation bill made appropriations for special agents in the excise department from July 1, 1919, to March 31, 1920, and limited the number of special agents in the excise department to forty-one, thirty-nine of whom were to receive a salary of $1,350 for nine months, and two were to receive a salary of $1,125 for nine months. There was no appropriation made for such special agents beyond March 31, 1920. Under the act creating an excise department the number of special agents to be appointed was sixty. On March tenth, while the claimant was performing the duties of a special agent the state commissioner of excise wrote to the claimant a letter which reads as follows: " I hereby notify you that no appropriation was made for your salary as special agent or for that of any other special agents in the department after March 31, 1920."

On March 11, 1920, the claimant, in answer to the communication of the commissioner of excise, wrote a letter which was received by the commissioner which reads as follows: " I am receipt of your letter notifying me of the failure of the appropriation for salaries of special agents after March 31, 1920. Replying thereto, I wish to make the following statement of my position: I do not consider that this terminates my service in the department. I will at all times hold myself in readiness to perform all the duties imposed upon me by the liquor tax law, and to obey all instructions and orders issued by you to me in connection therewith. My address until further notice will be 931 Madison Avenue, Albany."

The commissioner then wrote a letter to the claimant which the claimant received which reads as fol-

Court of Claims, January, 1921.     [Vol. 114.

lows: " The State Department of Excise will probably need your services as a witness from time to time in the various actions and proceedings now pending. Will you hold yourself in readiness to attend upon the trial of such actions and proceedings upon request by letter or telegram where your attendance as a witness may be needed, upon the payment of your necessary expenses for such attendance upon the same basis as they have been heretofore allowed by this office and the State Comptroller, including carfare and hotel bills and at a per diem compensation of $10; such expenses and per diem compensation will be paid in the usual way upon your presenting a verified expense account for the same. This letter is sent to you for the reason that no appropriation has been made providing for the payment of your salary as special agent after March 31, 1920, and to provide a way for obtaining your attendance as a witness in such actions and proceedings without subpoenaing you."

The claimant replied to this letter as follows: " Replying to your communication of March 20th, 1920, permit me to state that I will be in readiness to attend the trial of any action or proceeding upon request by letter or a telegram as per diem compensation allowed. In doing so, however, I do not waive any rights that will prejudice any future action contemplated by me."

The claimant ceased to perform any services as special agent after March 30, 1920. On April 1, 1920, the claimant entered the employ of the Ætna Life Insurance Company at a salary of $2,000 a year. On June 21, 1920, claimant filed his claim against the state with the Court of Claims for the sum of $150, claiming that amount due him for the month of April, 1920, by virtue of his appointment as special agent under the Liquor Tax Law, the claimant's contention being that

he was appointed by the state at a fixed salary and for a definite term and was, therefore, entitled to receive pay for the month of April, 1920. He also asserts that he was neither removed, discharged nor suspended from his position as special agent.

Under section 7 of the Liquor Tax Law as originally enacted by chapter 39 of the Laws of 1909, and as amended by chapter 569 of the Laws of 1918, the commissioner of excise was given power to appoint special agents at an annual salary; and under the provisions of this law special agents appointed could be removed by the commissioner at any time, and such commissioner was given the power to appoint their successors. There is nothing in the statute that fixes the term of office of a special agent. The statute only fixes an annual salary. As such agents under this statute were not employed or appointed for any definite time and no term of office was fixed they could be discharged or removed at any time by the commissioner of excise. The hiring or employing of a person at a certain salary per annum has been held not to be an employment for any particular or definite term. *Martin* v. *New York Life Ins. Co.,* 148 N. Y. 117; *Watson* v. *Gugino,* 204 id. 535.

There is nothing in the law creating the office of special agent that gives the commissioner power to appoint such special agents for any definite term, and there is nothing in the statute fixing a definite term for such special agents, and in the Excise Law as originally enacted, and the amendments thereto, the commissioner of excise at all times was given the power to remove such special agents in his discretion.

Under chapter 177 of the Laws of 1919, which was the appropriations made by the legislature for the year beginning the 1st of July, 1919, the legislature limited the appropriation for special agents in the

excise department to March 31, 1920. Under this appropriation bill the comptroller was not permitted to audit any claim presented by the claimant for April, 1919. The State Finance Law provides as follows: "A state officer, employee, board, department or commission shall not contract indebtedness on behalf of the state, nor assume to bind the state, in an amount in excess of money appropriated or otherwise lawfully available." Laws of 1909, chap. 58, § 35.

· When the legislature made an appropriation for the payment of special agents under the Liquor Tax Law and limited the appropriation for services for nine months, the commissioner could not incur any further expense even if he chose so to do by retaining the claimant. When the nine months had expired, in which the legislature had made appropriations for special agents, the commissioner wrote the claimant that there was no appropriation by the legislature beyond March 31, 1920, for special agents. This was in effect a notification that the commissioner did not any longer require the service of the claimant and a further notification that he could not accept any services for the state by the claimant. The claimant must have known that under the State Finance Law the commissioner was prohibited from incurring any further expense or continuing the employment of the claimant, and, therefore, the notification that there was no appropriation was in effect a discharge of the claimant by the commissioner. We do not think that the claimant was appointed for any definite term, and under section 7, chapter 39 of the Laws of 1909 it was within the power of the commissioner to discharge the claimant at any time.

Where an officer whose term is definite and fixed has been prevented for a time through no fault of his from performing the duties of his office, and has

during that time earned wages in another and different employment, he cannot be compelled in an action to recover his unpaid salary to deduct the amount so earned for the reason that the salary belongs to him as an incident in his office so long as he holds it, and when improperly withheld he may sue for it and recover it, and when he does so he is entitled to the full amount, not by force of any contract but because the law attaches the salary to the office, and there is no question of breach of contract or resultant damage out of which the doctrine evoked has grown. *Fitzsimmons* v. *City of Brooklyn,* 102 N. Y. 538; *Young* v. *City of Rochester,* 73 App. Div. 81. But this rule is not applicable in this case for the reason that the claimant was not appointed for any definite term and for the further reason that the act creating the power of the commissioner to appoint the claimant also gave the commissioner power to discharge the claimant at any time.

After the legislature had limited the appropriations for special agents to March 31, 1920, it was the duty of the commissioner of excise under the Finance Law to notify the claimant and the commissioner could no longer accept or continue his services or incur any further expense by retaining the claimant.

The claimant urges upon us the case of *O'Neil* v. *State of New York,* 223 N. Y. 40. This case is easily distinguishable from the claimant's case. In the *O'Neil* case the claimant was appointed a commissioner as a member of the state athletic commission, pursuant to chapter 779 of the Laws of 1911. This statute fixed the term of office at five years and in that case O'Neil was appointed for a term of five years and in the statute giving the governor power to appoint him there was no provision giving the governor power to discharge such appointee. As the legislature failed to

make an appropriation for O'Neil's salary he filed his claim with the Court of Claims and it was held that he was entitled to recover his salary because the law fixing his term of office and his appointment was for a definite term which had not expired.

The commissioner of excise in this case, in view of the appropriation by the legislature for the claimant's salary being limited to March 1, 1920, was obliged to notify the claimant of the fact that no further appropriation was made and he must in view of section 35 of the Finance Law have understood that this was a notification that his services would no longer be required.

The claim of the claimant must, therefore, be dismissed.

ACKERSON, P. J., concurs.

Claim dismissed.