INVESTORS SAVINGS & LOAN ASSOCIATION, PLAINTIFF, v. EMIL GANZ, ELIZABETH GANZ, HIS WIFE, MARSHALL S. GALEX, JOSEPH SERPA, CHERIE SERPA, HIS WIFE, PRINCETON ·CONSUMER DISCOUNT CORP. AND STATE OF NEW JERSEY, DEFENDANTS.

Superior Court of New Jersey
Chancery Division Union County

Decided April 30, 1980.

*Augustus Dreier* for plaintiff (*Dreier & Dreier,* attorneys).
*Herbert Blaustein* for defendants Emil and Elizabeth Ganz.

KENTZ, J. S. C.

Plaintiff moves for an order granting summary judgment and for an order striking defendants' answer on the grounds that the answer sets forth no defense sufficient in law or, in the alternative, granting plaintiff leave to proceed to enter judgment pursuant to *R.* 4:64.

This action was brought to foreclose a mortgage in the sum of $50,000 made by defendants on the premises located at 611 Carlyle Place, Union. The suit is based on an alleged default in the terms of the mortgage arising out of defendants' failure to occupy the premises as their primary place of residence.

The mortgage loan application asked, "Will you occupy the property?" Defendants responded by checking "yes." The application also asked "When" and defendants answered by writing "passing of title."

The mortgage loan commitment contained the following language:

> 2. All statements made in the application submitted by the borrowers are incorporated herein and made part of this commitment, which shall be subject to cancellation if such statements are not correct;

> 8. The mortgage shall become immediately due and payable at the option of the Association upon any change in ownership of the mortgaged premises; or, if the mortgaged premises are not owner occupied and are not the primary place of residence of the owners during the term of mortgage.

The mortgage contained the following condition:

And it is further agreed that, if the mortgaged premises are not used as the primary place of residence and are not occupied by the Mortgagor during the term of the mortgage loan, then and in such event, the aforesaid principal sum with accrued interest shall, at the option of the Mortgagee, become due and payable immediately, anything herein contained or contained in the Bond to the contrary notwithstanding.

The mortgage loan commitment was dated on April 4, 1979 and the mortgage and bond were executed on April 20, 1979. On or about October 2, 1979 plaintiff learned that the premises were not occupied by the owner but rather were occupied by tenants. There is nothing in the record to indicate that plaintiff waived the conditions or obligations contained in the mortgage commitment or the mortgage. Upon discovering that the premises were not owner-occupied, plaintiff called the mortgage and demanded that the balance due thereon be paid in full no later than November 9, 1979. Defendants have not made this payment and the premises continue to be tenant occupied.

Defendants have filed an amended answer which states by way of an affirmative defense that the acceleration clause and mortgage requirement that defendants reside in the mortgaged premises are unconscionable, inequitable, create a forfeiture and thus are of no force and effect.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment as a matter of law. *R.* 4:46–2. The moving party must sustain the burden of showing that there are no genuine issues of material fact. All inferences of doubt are drawn against the movant and in favor of the opponent of the motion. *Judson v. Peoples Bank & Trust Co. of Westfield,* 17 *N.J.* 67, 74–75 (1954).

It is undisputed by defendants that they executed the mortgage loan commitment and the mortgage, that the mortgage contained the owner occupancy requirement and that defendants are not living at the mortgaged premises. Thus, there appears to be no genuine issues as to any material fact remaining to be decided at trial. What must next be decided is whether plaintiff is entitled to judgment as a matter of law.

■ Where an acceleration clause is express and certain in its terms, such a clause requiring the payment of the entire balance due on the mortgage upon default in the performance of any covenant or condition of the mortgage is held to be a legitimate contractual obligation for credit on condition and not a penalty or forfeiture clause. These clauses have generally been enforced except where the default of the mortgagor is attributable to the conduct of the mortgagee. *Weiner v. Cullens*, 97 *N.J.Eq.* 523, 526 (E. & A.1925); *Poydan, Inc. v. Kiriaki*, 130 *N.J.Super.* 141, 150 (Ch.Div.1974), aff'd. 139 *N.J.Super.* 365 (App.Div.1976). The acceleration clause here is express and certain in its terms and there is no evidence that the default in the occupancy condition of the mortgage is attributable to the conduct of the plaintiff.

The only remaining issue is whether the enforcement of the acceleration clause because of the violation of the owner occupancy requirement would be unconscionable or inequitable. This question appears to be one of first impression in this State.

Defendants contend that before such a clause can be enforced there must be shown some jeopardy or threat to the plaintiff's security and that plaintiff has demonstrated none. Defendants argue that unlike cases in which the mortgagor has defaulted on payments due or in which the identity of the mortgagor changes, defendants here remain responsible for the payments and are ready, willing and able to pay. Thus, they maintain that there is no jeopardy to plaintiff's security in the mortgage by virtue of the fact that they are not living in the premises.

Plaintiff states by affidavit that historically the purpose of a savings and loan association has been to assist persons in acquiring a home in which to reside and that this has always been plaintiff's policy. Plaintiff represents that in keeping with this policy it has not knowingly made any mortgage loans on one- or two-family dwellings which were not owner-occupied. Plaintiff contends that from its experience nonoccupying owners tend to restrict and minimize property maintenance and unkeep in order to enhance their financial return. Plaintiff argues that such conduct leads to an unreasonable depreciation of the property

and jeopardizes the security on which the loan was made. In order to prevent this result, the owner occupancy provision is made a condition of the loan.

Plaintiff submits a copy of its mortgage underwriting standards which were reduced to writing as of September 1, 1978 in accordance with a requirement of the Fair Lending Regulations issued by the Federal Home Loan Bank Board. Plaintiff represents that it is prohibited from deviating from these standards. The standards read in part: "We lend on 1–4 family homes in good condition . . . The house must be owner occupied and the primary place of residence. . . . We do not loan on 1–bedroom homes, condos, co-ops, townhouses or part of duplexes."

Additionally, it should be noted that savings and loan associations are regulated by the Savings and Loan Act (1963), *N.J.S.A.* 17:12B–1 *et seq.* They are regarded as "*quasi*-public instrumentalities and are of public utility and importance in fostering home ownership and systematic thrift." *Rocker v. Cardinal B. & L. Ass'n of Newark*, 13 *N.J.Misc.* 397, 404, 179 *A.* 667, 673 (Sup.Ct.1935), aff'd 119 *N.J.L.* 134 (E. & A. 1937). *N.J.S.A.* 17:12B–12 states: "The purposes of associations operating under the provisions of this act shall be promoting thrift, home ownership and housing or otherwise investing funds in accordance with the provisions of this act."

*N.J.S.A.* 17:12B–146 provides:

Investments in mortgage loans may be made subject to the conditions and limitations of this act.

Each mortgage loan, made under the provisions of sections 147 through 149 of this act, shall be a direct reductions, sinking fund, or straight mortgage loan. Each such loan shall be evidenced by an obligation and secured by a mortgage which shall be a first lien on real estate in this State, as defined in section 11 of this act, or outside of this State if located within 50 miles of the principal office of the association. Such loans shall be secured by real estate used or to be used wholly or partially for dwelling purposes. The granting of such loans shall be without discrimination of any nature including, but not limited to, interest rates, terms and duration, because of race, creed, color, national origin or ancestry.

The cases involving acceleration clauses fall into two general areas. The first deals with provisions in a mortgage allowing the mortgagee the option to accelerate the maturity of

the debt upon a default in the payment of principal, interest or municipal liens. In such a case, the mortgagee has the right to insist on strict observance of these payment provisions. *Eisen v. Kostakos*, 116 *N.J.Super.* 358, 366 (App.Div.1971); *Gilbert v. Pennington Trap Rock Co.*, 135 *N.J.Eq.* 587, 591 (Ch.1944).

■ The other category deals with "due on sale clauses." Such clauses are enforced to protect the interest the lender has in the identity of his debtor. *Poyden, Inc. v. Kiriaki, supra* 130 *N.J.Super.* at 150. These clauses have as their obvious purpose the protection of the lender's security. *Fidelity Land Develop. Corp. v. Reider & Sons*, 151 *N.J.Super.* 502, 508 (App.Div.1977).

■ When a contract is clear and unambiguous a court is bound to enforce its terms as they are written and the court may not make a better contract for either of the parties. A court has no right to rewrite the contract by substituting new or different provisions from those clearly expressed in the contract. *Brower v. Glen Wild Lake Co.*, 86 *N.J.Super.* 341, 346 (App.Div. 1965); *J. W. Pierson Co. v. Freeman*, 113 *N.J.Eq.* 268, 273 (E. & A. 1933); *Spiotta v. Milkon*, 70 *N.J.Super.* 344, 351 (Ch.Div.), aff'd. 77 *N.J.Super.* 348 (App.Div.1962). The contract under consideration here is clear and unambiguous in its terms and the presumed intention of the parties as evidenced by the terms of the contract governs. See *Krosnowski v. Krosnowski*, 22 *N.J.* 376, 387 (1956); *Fidelity Land Develop. Corp. v. Reider & Sons, supra* at 511.

■ In applying the foregoing to the facts of this case, I do not find that the owner occupancy requirement is unconscionable or inequitable. Given plaintiff's purpose to promote home ownership, its policy of not making loans except for that reason, and the language of *N.J.S.A.* 17:12B–146, it cannot be said that its requirement of owner occupancy as a condition for the granting of a mortgage loan is unjust. Defendants were fully aware of this condition when they freely and voluntarily entered into the mortgage transaction. Furthermore, plaintiff's fear that the lack of owner occupancy might jeopardize its security is not unreasonable.

■ Since defendants have defaulted, plaintiff has the right to accelerate the due date of the unpaid balance of the debt and to require payment thereof. Such payment having not been made as demanded, summary judgment of foreclosure is appropriate.