183 N.J. Super. 303 (1981)
443 A.2d 1093
PERRY FOGEL, PLAINTIFF,
v.
S.S.R. REALTY ASSOCIATES, A PARTNERSHIP AND BOARDWALK REGENCY CORPORATION, A NEW JERSEY CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Chancery Division Atlantic County.
Decided December 1, 1981.
*304 Stephen Hankin for plaintiff (Hankin, D'Amato & Sandson, attorneys).
*305 Ralph Platine for defendant S.S.R. Realty Associates (Platine & Feldman, attorneys).
John L. Bonello for defendant Boardwalk Regency Corporation (Anschelewitz, Barr, Ansell & Bonello, attorneys).
GIBSON, J.S.C.
This is a mortgage foreclosure action. Plaintiff-lender claims that a sale of the premises by the mortgagor to a third party without his consent created a breach of the mortgage agreement and justified an acceleration of the full principal balance. Mortgagor claims that the mortgagee unreasonably withheld his consent to the transfer and therefore has no right to foreclose. Cross-motions for summary judgment have been filed. R. 4:46-2. Required by these motions is a re-examination of the enforceability of a so-called "due on sale" clause.
Since all parties agree that the material facts are not in dispute, the case may be decided as a matter of law. The facts indicate that on January 4, 1978 defendant S.S.R. Realty Associates purchased from plaintiff property located in Atlantic City. The sale was financed in part by a purchase money mortgage amounting to $224,000, with interest to run at 9% a year. As part of the loan documents the parties agreed to the following language relating to the possible sale of the mortgaged premises:
Mortgagor may assign, deed, or otherwise transfer the mortgaged premises without causing an acceleration of the installments due hereunder; provided, however that the transferee assumes the obligations contained herein and in the mortgage secured hereby. Mortgagor, however, shall not assign deed, or otherwise transfer the mortgaged premises without obtaining the prior approval of the Mortgagees, which approval shall not be arbitrarily or unreasonably withheld.
Sometime during the latter part of 1980 mortgagor entered into negotiations to sell the property to defendant Boardwalk Regency Corporation. In keeping with the loan agreement a letter was directed to plaintiff seeking his consent to the sale, with the understanding that the buyer would assume the obligation on the bond and mortgage. Plaintiff refused to consent unless *306 there was an upward adjustment in the interest rate. Believing plaintiff's position to be a breach of the mortgage, defendants refused to agree to the interest adjustment and proceeded to complete the sale. Title was transferred on January 8, 1981. Plaintiff in turn declared the sale a breach of the mortgage and called for an acceleration of the principal amount due. This action was instituted on April 24, 1981.
By this motion plaintiff argues that the quoted mortgage provision is enforceable as a so-called "due on sale" clause and that the transfer justifies the acceleration. Defendants contend that the language is not a "due on sale" clause because it permits the transfer of the premises subject only to plaintiff's approval, which approval is not to be unreasonably withheld. Since the proposed buyer was of impeccable financial standing, they argue that plaintiff's refusal to approve the sale was unreasonable. Plaintiff admits that his security would not be impaired by the transfer but it is his position that his ability to withhold consent was not limited by such a standard and he could legitimately include a demand for an increased interest rate.
The resolution of these conflicting positions requires a careful examination of the contractual language as well as the case law dealing with similar provisions. Considerable attention has been given to the interpretation and enforceability of so-called "due on sale" clauses, not only in New Jersey but throughout the country. See Annotation, "Acceleration Clause  Transfer of Property," 69 A.L.R.3d 713 (1976); Volkner, "The Application of the Restraints on Alienation to Real Property Security Interests," 58 Iowa L.Rev. 747 (1973). The most recent treatment by an appellate court in New Jersey is found in Fidelity Land Dev. Corp. v. Reider & Sons, 151 N.J. Super. 502 (App.Div. 1977). The analysis contained there is instructive.
Contract clauses accelerating the due date of a given obligation on the occurrence of a specified event are generally considered valid contractual terms... Clauses accelerating an obligation on a transfer of ownership, variously termed "due-on-sale" clauses, "due-on-encumbrance" clauses, or simply *307 "due-on" clauses, similarly have been generally upheld against contentions that they operate to restrict the right of alienation ... Neither party to this matter even argues that the clause in question is facially invalid.
Such clauses have as their obvious purpose the protection of a lender's security for an obligation and his need to have a borrower known by him to be conscientious, experienced and able. A lender may legitimately fear that any new buyer, unknown to and unapproved by him, may permit the property securing the debt to become rundown and depreciated in value, thus compromising his ability to secure repayment of the debt ... It is the legitimacy of such reasons that have led the court to approve such clauses as being reasonable restraints upon the alienation of real property. Controversy has arisen, however, with respect to the conditions in which such clauses will be enforced. At the risk of some oversimplification, it can be stated that there has emerged two general lines of authority. One view tends to the automatic enforcement of such clauses without regard to whether the underlying purposes of the clause have been frustrated ... Several recent New Jersey cases have apparently accepted that view ... The other view requires the party seeking acceleration by reason of a transfer of ownership to show that the transfer has increased his risks or that the security for the loan is otherwise impaired or jeopardized by the transfer.... [at 508-509; citations omitted]
The court went on to hold that the transfer under examination there did not involve any jeopardy to the lender's security and thus did not justify an acceleration of the due date on the mortgage obligation. The court relied on the presumed intent of the parties. It is critical, however, that it refused to follow the automatic enforcement approach.
Although the facts in Fidelity are distinguishable from those before this court, the assumptions it made are significant. That significance is highlighted particularly when contrasted with a prior trial court ruling which had permitted the enforcement of a "due-on-sale" clause when the only motive advanced was, like here, an increase in the interest rate. Century Fed'l S. & L. Ass'n v. Van Glahn, 144 N.J. Super. 48 (Ch.Div. 1976). In Century the court relied on then current case law which held that motive was not determinative. Moreover, it ruled that a lender's desire to increase the interest rate on a loan was a legitimate motive in any event. In contrast, the net impact of Fidelity supports the conclusion that the "automatic enforcement" of a "due-on-sale" clause is not justified and that an impairment of security is the only basis considered reasonable. *308 The case has been so interpreted. See 29 N.J. Practice (Cunningham & Tischler, Law of Mortgages), § 26 at 22 (1981 pocket part); see, also, Investors S. & L. Ass'n v. Ganz, 174 N.J. Super. 356, 362 (Ch.Div. 1980).
Although there has been no specific articulation of this conclusion in any reported case in this State, the issue has received wide attention elsewhere. The results are divided. Annotation, 69 A.L.R.3d, supra. For example, in Malouff v. Midland Fed'l S. & L. Ass'n, 181 Col. 294, 509 P.2d 1240 (Sup.Ct. 1973), the enforcement of an acceleration clause based on a desire for higher interest rates was upheld. California and a number of other states have reached the opposite conclusion. Wellenhamp v. Bank of America, 21 Cal.3d 943, 148 Cal. Rptr. 379, 582 P.2d 970 (Sup.Ct. 1978); see, also, Wilhite v. Callihan, 121 Cal. App.3d 661, 175 Cal. Rptr. 507 (D.Ct.App. 1981), where the "impairment of security" standard was applied to a noninstitutional lender. As in Fidelity, the rationale of those cases which limit the enforcement of "due-on-sale" clauses is that such provisions are restraints on alienation and enforceable only when reasonable. Since the impairment of a lender's security is considered a reasonable basis for accelerating a mortgage, it is the motive that courts normally read into the mortgage. Fidelity Land Dev. Corp. v. Rieder & Sons, supra, 151 N.J. Super. at 511. On the other hand, no special reverence is given to these clauses, and normal rules of construction are said to prevail. Accordingly, the cases frequently speak in terms of the "presumed intent" of parties. Ibid. Query, whether the same results would be reached if the instrument specifically called for the right to require interest upon a transfer. Cf. Miller v. Pacific First Fed'l S. & L. Ass'n, 86 Wash.2d 401, 545 P.2d 546 (Sup.Ct. 1976).
Given the thrust of Fidelity and the more persuasive authority elsewhere, plaintiff has failed to show that the withholding of consent here was reasonable. Thus, even if one accepts the contention that the clause in question is a "due-on-sale" provision, the facts do not support its enforcement. There *309 is simply no impairment of the lender's security. For that reason alone, plaintiff's motion should be denied. There are, however, additional reasons to justify such a conclusion.
As previously noted, the typical language in a "due on sale" clause is absolute in its restriction on sales. The thrust of the clause in question is the opposite. The fact that some control was retained by the mortgagee is not the same as saying that the lender's control is unrestricted. The question, then, is what kind of control was intended. It is significant, in that regard, that the parties chose to give the mortgagee rights which were different from those which normally attach to a "due-on-sale" clause. It is also significant that by negotiating for this language, the mortgagor acquired an asset of value. Stated differently, by buying a property with an assumable mortgage the mortgagor acquired an asset that had value other than that intrinsic to the real estate. If the lender could eliminate that added value by simply changing the terms of the mortgage, then the added value was illusory. This court will not assume that the parties inserted language which was meaningless. When a mortgagee agrees to permit the mortgage to be assumed, that assumption is presumably on the same terms.
Although there do not appear to be any New Jersey cases which have had to interpret language such as this, a very similar provision was reviewed by the Appellate Division in New York. Silver v. Rochester Sav. Bank, 424 N.Y.S.2d 945, 73 App.Div. 81 (App.Div. 1980). In a factual setting very close to the case at bar the court adopted an analysis similar to that outlined above and concluded that the mortgagee did not have the right to condition its consent to a sale based on an increase in the interest rate.
Whatever label one gives to the language in question therefore, the result is the same. The clause does not reflect an intention to condition the assumability of the mortgage on the lender's right to require a higher rate of interest. For this reason and those related above, it is the conclusion of this court *310 that, based on the facts here, the mortgagee's consent was unreasonably withheld. The acceleration will not be enforced and plaintiff's motion for summary judgment is denied. Defendant's motions are granted.