PERRY FOGEL, PLAINTIFF-APPELLANT, v. S.S.R. REALTY ASSOCIATES AND BOARDWALK REGENCY CORP., DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted May 17, 1983—Decided June 7, 1983.

48

Before Judges BOTTER, POLOW and BRODY.

*Hankin, D'Amato & Sandson,* attorneys for appellant (*Stephen Hankin* and *Mark H. Sandson,* on the brief).

*Platine & Feldman,* attorneys for respondent S.S.R. Realty Associates (*Ralph W. Platine,* on the brief).

*Anschelewitz, Barr, Ansell & Bonello,* attorneys for respondent Boardwalk Regency Corporation (*John L. Bonello,* on the brief).

*Jamieson, McCardell, Moore, Peskin & Spicer,* attorneys for amici curiae New Jersey Bankers Association and Savings Banks' Association of New Jersey (*Thomas C. Jamieson, Jr.,* of counsel, and *Douglas G. Sanborn,* on the brief).

The opinion of the court was delivered by

POLOW, J.A.D.

On this appeal we must determine the enforceability of a conditional "due-on-sale" provision in a real estate mortgage. The bond and mortgage contain provisions permitting the mortgagor to transfer the property with prior approval of the mortgagee which "shall not be arbitrarily or unreasonably withheld." The mortgagee refused to consent to the sale of the property without an additional agreement for an increase in the mortgage interest rate. When the sale took place without consent, plaintiff, the mortgagee, instituted suit to foreclose the mortgage.

Pursuant to an opinion published at 183 *N.J.Super.* 303 (Ch.Div.1981), summary judgment was granted for the mortgagor and its transferee. We agree with the trial judge's conclusion that the mortgagor's failure to accede to the demand for a higher interest rate does not justify the mortgagee's refusal to consent to the sale where such consent may not be arbitrarily or unreasonably withheld. We need not and do not pass upon the theory espoused in the trial court opinion that, in this state, an unconditional "due-on-sale" provision cannot be enforced except to prevent "impairment of the lender's security." Thus, we affirm but not for the primary reason articulated by the trial judge.

The facts are not in dispute. Defendant S.S.R. Realty Associates ("SSR") purchased real property in Atlantic City. It was financed in part by a purchase money mortgage of $224,000 with interest at nine percent per annum. The bond contained the following provision:

> Mortgagor may assign, deed, or otherwise transfer the mortgaged premises without causing an acceleration of the installments due hereunder; provided, however, that the transferee assumes the obligations contained herein and in the Mortgage secured hereby. Mortgagor, however, shall not assign, deed or otherwise transfer the mortgaged premises without obtaining the prior approval of mortgagees, which approval shall not be arbitrarily or unreasonably withheld.

The mortgage included a substantially similar clause.

Sometime later SSR sought consent for sale of the property to defendant Boardwalk Regency Corporation ("BRC"). Plaintiff, the mortgagee, refused to consent without agreement for an increase in the mortgage interest rate. SSR, convinced that plaintiff's position was unreasonable and a breach of the mortgage terms, refused to agree to increase the interest rate and transferred title to BRC which assumed the mortgage according to its original terms. Plaintiff declared the sale a breach of the mortgage and instituted this action for foreclosure.

Plaintiff conceded that his security would not be impaired by the transfer but insisted then, as he does now, that his demand for increased interest was not arbitrary or unreasonable in the circumstances. He produced evidence that the prevailing mortgage interest rate was, at the time of the transfer, approximately 21½ percent per annum.

The trial judge, relying upon the decision of the Appellate Division in *Fidelity Land Div. Corp. v. Rieder & Sons,* 151 *N.J.Super.* 502 (App.Div.1977), concluded "that the 'automatic enforcement' of a 'due-on-sale' clause is not justified and that an impairment of security is the only basis considered reasonable." *Fogel v. S.S.R. Realty Associates, supra,* 183 *N.J.Super.* at 307. He commented, in further support of that conclusion, that "[t]he case [*Rieder*] has been so interpreted. *See* 29 *N.J.Practice (Cunningham & Tischler, Mortgages),* § 26 at 22 (Supp.1981); *see also Investors Sav. & Loan Ass'n v. Ganz,* 174 *N.J.Super.* 356, 362 (Ch.Div.1980)." *Fogel, supra,* 183 *N.J.Super.* at 308.

We note that *Ganz* referred to the *Rieder* opinion even though *Ganz* did not involve a due-on-sale clause. Rather, in *Ganz* the mortgagee successfully enforced a mortgage provision accelerat-

ing the principal when the mortgagor no longer occupied the home as the mortgage contract required. *Ganz, supra,* 174 *N.J.Super.* at 359, 362–363. Furthermore, we note that the comment in the *New Jersey Practice* series referred to in the foregoing quote of the trial judge has been modified in the 1982 pocket part to incorporate language questioning the use of *Rieder* as authority in a due-on-transfer case:

> ... Although the decision was ... based on the court's interpretation of the language of the due-on-transfer clause, the opinion also *seemingly* indicates that the court did not accept the "maintenance of return on mortgage portfolio" rationale for exercise of the due-on-transfer clause adopted in [*Century Fed. Sav. & Loan Ass'n v. Van Glahn,* 144 *N.J.Super.* 48 (Ch.Div.1976)]. Instead, the Appellate Division panel *seemingly* adopted the view that the only proper purpose of a due-on-transfer clause is "the protection of a lender's security for an obligation and his need to have a borrower known to him to be conscientious, experienced and able...."

> \*       \*       \*       \*       \*       \*       \*       \*

> ... The *Rieder* case ... contains language which can, *at most,* be considered obiter dictum *suggesting* that enforcement of due-on-transfer clauses should be restricted to cases where transfer of mortgage[d] land will endanger the mortgagee's security interest; *Rieder* clearly does not so hold .... [29 *N.J.Practice, supra,* § 26A at 34, 38 (Supp.1982); emphasis added].

We agree that the suggestion in *Rieder* that a due-on-sale clause may not be enforced unless the mortgagee's security is thereby impaired is, at most, dictum. Our Supreme Court considers the question of automatic enforceability one which it has not yet resolved. *Barry M. Dechtman, Inc. v. Sidpaul Corp.,* 89 *N.J.* 547, 555 (1982). We are satisfied that the question is yet unresolved by our appellate courts. We find it unnecessary to resolve it here in light of the contractual provisions of the bond and mortgage.

This was not an automatic due-on-sale clause. Here, the bond and mortgage permitted transfer of the property "without causing an acceleration" provided "that the transferee assumes the obligations contained herein ...." The transferee is thus required to assume all of the obligations set forth in the mortgage. One of those specific obligations is the payment by the mortgagor of nine percent interest. Thus, we agree with the

trial judge that the clause in question "does not reflect an intention to condition the assumability of the mortgage on . . . a higher rate of interest." 183 *N.J.Super.* at 309. Accordingly, the demand for an increase in the interest rate was not a "reasonable" basis for withholding approval of a sale to a financially secure purchaser. *See, e.g., Egner v. Egner,* 183 *N.J.Super.* 326, 330–331 (Ch.Div.), aff'd o.b. 185 *N.J.Super.* 1 (App.Div.1982). If the parties intended the right of transfer to be subject to disapproval unless the purchaser agreed to modify one of the specific terms to be assumed, *viz.,* the interest rate, the ordinary rules of contract require that they should have so provided.[1]

██ We conclude that the parties, as evidenced by the provisions of the bond and mortgage, cannot be held to have intended to confer upon the mortgagee the right to an increase in interest as a condition for its consent to the transfer. The sole "presumed intention" which can be imputed to the parties is that the lender retained the right to withhold consent to a transfer if his security was threatened by lack of adequate financial capacity of the prospective purchaser. Since it is conceded that the purchaser is "of impeccable financial standing" appellant's refusal to consent was arbitrary and unreasonable.

Affirmed.

---

[1] In supplemental briefs our attention is directed to a new federal statute, the Garn-St. Germain Depository Institutions Act of 1982 (the "Garn Act"), which was effective October 15, 1982 (P.L.97–320). The Garn Act defines the term "due-on-sale" to mean the right of a lender to declare all sums secured by a lien on real property due and payable if the property "is sold or transferred without the lender's prior written consent." It requires such a provision to be governed exclusively "by the terms of the loan contract, and all rights and remedies of the lender and the borrower . . . [to] be fixed and governed by the contract." Since our determination is based upon the contractual provision requiring that the lender not unreasonably withhold his consent to a sale, the requirements of the Garn Act would be satisfied.