In the Matter of RADIO STATION WNYC (MORRIS NOVIK).*

Supreme Court, Special Term, New York County, August 25, 1938.

*William C. Chanler, Corporation Counsel [Frederick P. Bryan and Samuel J. Silverman of counsel], for Morris Novik.*

*Robert Daru [Maurice Hellman of counsel], special counsel to the special committee of the council of the city of New York investigating Radio Station WNYC.*

O'BRIEN, J. This is an application by the director of Radio Station WNYC, the municipal broadcasting station, to vacate a subpœna issued by a committee of the city council requiring him to appear and testify before a special committee of the council appointed to investigate.

_____

* Affd., 255 App. Div. 844.

The committee was appointed under a resolution of the council, No. 33, adopted March 8, 1938, which reads as follows: "Resolved, That the Committee on Rules of the Council * * * be and they hereby are directed to designate a special committee of the Council operating under the provisions of section 43 of the Charter of the City of New York to examine into the management of Station WNYC, the Municipal Broadcasting Station, and to determine whether or not the interests of the City may best be preserved by the cessation of broadcast facilities and the demolition and disposition of the station."

The corporation counsel contends that the resolution was a legislative action which required the approval of the mayor, whereas the council urges that the resolution does not fall within the meaning of local laws or resolutions requiring submission to the mayor.

A careful study of the charter of the city of New York to determine the intent of all of its provisions requires the examination of section 21, which vests the legislative power of the city in the council, and gives it the sole power to adopt local laws, except as limited by section 38, 39 and 40 of the charter.

We believe that it was the intent of the charter revision commission and the Legislature thus to limit the powers of the council only in so far as the charter provides.

We note further that section 26 expresses the mandatory style and language of all local laws, i. e., "Be it enacted by the council as follows:"

On the other hand, we note that section 43 of the charter, which vests the council with the investigating powers, is specifically excluded from those provisions of the charter which deal with local laws (section 21), and stands by itself as an added power which is vested in it, entirely apart from those provisions which deal with the law-making power with which it is invested.

Taking the language of the resolution the legality of which is here questioned, we find that its language is different from that required by section 26, for it reads as follows: "Resolved, That the Committee on Rules of the Council," etc.

We are of the opinion that the resolution was not intended to, nor does it come within that class of legislative actions contemplated by sections 21 and 26, and requiring the mayor's approval, as by sections 38, 39 and 40.

As to the power of the council to appoint its own committees, that has been decided in *Morris* v. *Cashmore* (253 App. Div. 657), for in that case the court stated (at p. 662): "We, accordingly, hold that a majority of a quorum of the council were empowered * * * to appoint committee members."

Since the council could appoint its own committees, there would seem to be vested in it the power to appoint the instant committee by this resolution No. 33 without the approval of the mayor.

In our system of local, State and Federal government, neither branch of the government, legislative or executive, has ever been given supreme power to override the acts of the other branch of the government, except as fixed by statute, and we are further of the opinion that if the charter commission and the Legislature had intended such power as is sought by the mayor in this case, they would have so specified in the charter provisions.

We believe that it was the intent of the charter commission and the Legislature to give broader and more extensive investigating powers to the council to inquire into the operation of any branch of the city government without any interference from the executive branch of the government.

The resolution in this case is not a local law or resolution as defined by section 21 or section 26, and does not require approval as provided in sections 38, 39 and 40. It is not legislative action and comes under the provisions of section 43, which is independent of section 38.

The motion to vacate the subpœna is, therefore, denied. Settle order.