RICHARD J. BARRY, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.*

Supreme Court, Special Term, New York County, January 8, 1941.

*Frederick W. Ritter*, for the plaintiff.

*William C. Chanler, Corporation Counsel* [*Seymour B. Quel* and *Arthur H. Kahn, Assistant Corporation Counsel*, of counsel], for the defendant.

---

* Affd., 261 App. Div. 957.

WALTER, J. This is a motion to dismiss as insufficient the complaint in an action brought by an attorney at law to recover the reasonable value of services rendered by him to a special committee of the city council in an investigation of bureaus and departments of the city concerned with the administration of emergency unemployment relief.

The council's resolution appointing the committee provided for an investigation of such scope and character as to indicate upon its face that legal knowledge and skill would be required if the investigation were to be effective. It also provided that " if in the judgment of the committee an appropriation of funds be needed for anticipated expenses of such committee " the " necessary request " should be made to the board of estimate. A request was made and was denied. Defendant argues that that provision of the resolution is both a recognition by the council of its own lack of power with respect to the expenditure of money and a command by the council to the committee not to incur any expenses without the approval of the board of estimate. I think it plain that the resolution is nothing of the sort. Under its terms request to the board of estimate was to be made, not if expense were to be incurred, nor even if money for such expenses were needed, but only if in the judgment of the committee an *appropriation* of funds were needed. The question presented thus is whether what the council did imposes an obligation upon the city or whether an appropriation by the board of estimate is essential to the creation of liability.

Defendant invokes section 891 of the New York City Charter which provides that no " agency " of the city can incur a liability or expense for any purpose in excess of the amount appropriated or otherwise authorized therefor, and no charge or claim or liability can arise or exist against the city for any sum in excess of the amount appropriated or otherwise authorized for the particular purpose. It also invokes section 93c–3.0 of the Administrative Code of the City of New York, which provides that, with exceptions not here pertinent, no contract shall be binding or of any force unless the comptroller indorse thereon his certificate that there remains unexpended and unapplied a balance of the appropriation or fund applicable thereto, sufficient to pay the estimated expense of executing such contract, as certified by the officer making the same.

I think those provisions do not prevent plaintiff from recovering.

I think, in the first place, that the council is not an " agency " of the city within the meaning of section 891. *People ex rel. Schanck* v. *Green* (64 N. Y. 499, 504, 505) and *Lowe* v. *City of New York* (240 App. Div. 484, 489; affd., 265 N. Y. 583) so indicate, and any contention to the contrary seems incongruous in view of

the provision of section 32 of the charter that "No councilman shall be an employee of any agency in any capacity whatever." But even if it were held otherwise, the result would be the same.

The council is "the local legislative body of the city" and is vested with "the legislative power of the city" (Charter, § 21), and there is also conferred upon it in express terms the power to appoint committees to investigate any matter relating to the property, affairs or government of the city, and a committee so appointed has power to require the attendance and examine and take the testimony under oath of such persons as it deems necessary. (Charter, § 43; *Matter of Radio Station WNYC*, 169 Misc. 502; affd., 255 App. Div. 844.) That of itself implies the power to employ counsel. (*Judson* v. *City of Niagara Falls*, 140 App. Div. 62, 64; affd., 204 N. Y. 630; *Matter of Fleischmann* v. *Graves*, 235 id. 84, 90, 91.) It is rare indeed that an investigation requiring the attendance and examination of witnesses can be carried on without the aid of counsel and common experience teaches that it is regular practice for investigating committees to have counsel, and, as already noted, the investigation here provided for indicates the necessity therefor. The further necessary implication is that counsel so employed are to be paid. The Charter itself thus in effect expressly empowers the council to impose upon the city an obligation to pay for such legal services, and section 891 of the Charter and section 93c-3.0 of the Administrative Code, even if otherwise applicable, necessarily must be read as subject to that qualification. (*O'Brien* v. *City of Niagara Falls*, 65 Misc. 92; *Judson* v. *City of Niagara Falls, supra.*) It is not to be supposed that the Legislature intended such a foolish and stupid thing as giving the council the power to investigate and then giving the board of estimate the power to hamstring its investigation by refusing to appropriate the money necessary for the expense thereof. The provisions relied upon by defendant were intended to protect the city against contracts, express or implied in fact, made without authority by heads of departments and other agencies carrying on the administrative activities of the city government, and also to prevent such heads and agencies from inadvertently or otherwise exceeding appropriations made for them. They cannot be made to serve the purpose of defeating powers expressly conferred by other sections of the Charter, such as the council's power to investigate — a power which is not administrative but either legislative or quasi-judicial in character. (*Judson* v. *City of Niagara Falls, supra*, p. 67.)

Even under the old Charter, which provided that no expense should be incurred unless an appropriation therefor had been made,

it was held that such provision was inapplicable to expenses which other provisions of the Charter made mandatory (*Dixon* v. *City of New York*, 31 Misc. 102, 105; *Brooklyn Citizen* v. *City of New York*, 258 App. Div. 657, 659), and section 891 of the present Charter requires, not that there be an appropriation, but that there be an appropriation *or* that the expense be " otherwise authorized." All that is now necessary is that the expense be authorized, and I cannot doubt that an expense incurred by a legitimate exercise of powers expressly conferred upon the council is " otherwise authorized."

Section 118 of the Town Law is quite analogous both in intent and language, and yet a claim for legal services which a town had refused to pay because the appropriation for that purpose had been exhausted was sustained in *Matter of Clark* v. *Smith* (250 App. Div. 233; affd., 276 N. Y. 473).

The city daily is incurring and being held answerable for tort liabilities for which no appropriation has been made, and I think there can be no doubt that, in general and subject only to specific statutory limitation, the doctrine of quasi-contract, or restitution, as the Restatement calls it, is applicable to the city. Section 117 of the Charter recognizes the possibility of claims against the city other than claims based upon contracts for which appropriations have been made, because it specifically provides that there shall be included in the budget the amounts necessary for the payment of " claims, judgments, charges and expenses lawfully payable by the city " and " such other amounts as may be required by law."

The case of *Lyddy* v. *Long Island City* (104 N. Y. 218), upon which defendant strongly relies as indicative of the council's lack of power to engage counsel, was decided under a charter which put the council under an absolute disability to create the liability sued on. Here, as I have held, the Charter confers such authority.

Defendant has not advanced any suggestion that if the council's committee desired legal assistance in its investigation, it should have called upon the corporation counsel (Charter, §§ 394, 395) or the commissioner of investigation, who is required to be a member of the bar and is charged with the duty of making any investigation directed by the mayor or the council (Charter, §§ 801, 803), and as it is the corporation counsel who here appears for defendant, I assume that the absence of any such suggestion by him is due to a feeling on his part that the suggestion would not be tenable, especially as the general subject of the right of city agencies to supplant him has been recently mooted in *Matter of Kay* v. *Board of Higher Education* (260 App. Div. 9) and the opinion in that

case cites *Ramson* v. *Mayor* (24 Barb. 226) in which it was held that under the facts there presented outside attorneys could not be employed. The fact that the suggestion is not made is thus perhaps a sufficient reason for not considering it, but I think it also may be said that as the corporation counsel and the commissioner of investigation are the heads of executive departments appointed by the city's chief executive, and as the obvious design of the Charter was to make the council an independent body with power to investigate all executive departments, a due regard for proprieties, as well as effective maintenance of that independence, requires a holding that the choice of counsel to conduct its investigations lies with the council. Ordinarily, of course, the council well may and doubtless will call upon either the corporation counsel or the commissioner of investigation, but the question upon this motion is solely with respect to the council's power, and to hold that the council has not the power to choose might bring about unseemly spectacles in having the head of one of the city's executive departments investigating at councilmanic direction another department, the head of which owes his official position to the same appointing power, and it might stifle needed investigations.

The motion to dismiss is denied.