Per Curiam.

In this action to recover compensation alleged to be due to plaintiff, as Commissioner of Accounts of the County of Nassau, the first and second defenses, predicated upon the absence of an appropriation for plaintiff’s salary in the annual county budget, are insufficient in law. Section 206 of the County Government Law of Nassau County expressly provides that the County Executive ‘ ‘ may from time to time appoint, without confirmation by the board of supervisors, a commissioner of accounts who shall receive a compensation to be fixed by the county executive and an appropriation for that amount and purpose shall be included in each annual budget. ” (L. 1936, ch. 879; italics supplied.)
The legislative purpose in the enactment of the foregoing provision is clear and unmistakable. It was the patent intent *147 of the Legislature to grant the County Executive the sole and exclusive right to appoint a Commissioner of Accounts and to fix his compensation without the need for approval, and, obviously, to prevent interference by the Board of Supervisors. The requirement that an appropriation for such amount and purpose shall be included in each annual budget mandates a duty upon the Board of Supervisors to supply the necessary funds to pay the salary fixed by the County Executive.
Section 307 of the County Government Law, upon which defendants rely, is inapposite for it applies only in those instances where discretionary disbursements are involved. It has no application where, as here, exclusive power is vested in an officer by other provisions of the charter to appoint and fix a salary. Since the charter provision under consideration is mandatory and necessarily requires an appropriation to render its application effective, the lack of an actual appropriation does not constitute a defense.
In a similar situation involving the salary of employees of the Surrogate’s Court of the County of Kings (Matter of Wingate v. McGoldrick, 279 N. Y. 246, 249), it was aptly stated: “ The Legislature having provided that the compensation fixed by a Surrogate shall be a county charge, the Board of Estimate may not thwart the legislative purpose by refusing to make the necessary appropriations.”
Also in point is Barry v. City of New York (175 Misc. 712, 714), where the court said: “ The Charter * * * in effect expressly empowers the council to impose upon the city an obligation to pay for * * 5 legal services, and section 891 of the Charter and section 93c-3.0 of the Administrative Code, * * ° necessarily must be read as subject to that qualification * * *. It is not to be supposed that the Legislature intended such a foolish and stupid thing as giving the council the power to investigate and then giving the board of estimate the power to hamstring its investigation by refusing to appropriate the money necessary for the expense thereof.” (See, also, Brower v. La Guardia, 50 N. Y. S. 2d 82.)
In the case at bar, inasmuch as the County Executive had the authority to appoint plaintiff as Commissioner of Accounts and to fix his salary, it became the duty of the Board of Supervisors to provide the funds necessary to pay such salary. The purported failure of the County Executive to make known his intention to appoint plaintiff prior to the budget period may not be seized upon by the appropriating authority to frustrate the underlying legislative intent to remove the County Executive from the restraining influence of the Board of Supervisors. On *148 the contrary, the power conferred upon the County Executive to appoint a Commissioner of Accounts “ from time to time ” would seem to negate any necessity for notification in advance of a particular budget period.
The remaining defenses, based upon the absence of an audit of plaintiff’s claim, failure to submit a voucher and to file a copy of plaintiff’s contract, are likewise insufficient as they apply to contractual obligations of the county and not to salaries of duly appointed county officials. In this connection, it has been held that ‘ ‘ there is no contract between the officer and the State or municipality by force of which the salary is payable. That belongs to him as an incident of his office, and so long as he holds it; and when improperly withheld he may sue for it and recover it ” (Fitzsimmons v. City of Brooklyn, 102 N. Y. 536, 538; O’Neil v. State of New York, 223 N. Y. 40, 43-44).
Judgment and order unanimously reversed, without costs, and motion to strike out defenses (1 to 5,.inclusive) granted.
Concur — Eilperin, McDonald and Mabttjscello, JJ.
Judgment and order unanimously reversed, etc.