John T. Casey, J.
The plaintiffs have moved for a preliminary injunction enjoining the State Racing and Wagering Board of the State of New York from the following: (1) approving fair and reasonable maximum rent schedules to commercial lessors for bingo occasions to be held in 1976; (2) issuing bingo suppliers licenses for the year 1976; (3) from hearing any appeal from municipal determinations concerning bingo hearings and other matters; (4) exercising any other powers granted to the State Bingo Control Commission under subdivision 1 of section 435 of the Executive Law; (5) compel *1053 ling certain civil service employees who were transferred from the State Bingo Control Commission to the State Racing and Wagering Board from working out of title; (4) disbursing any funds appropriated to the State Racing and Wagering Board for bingo enforcement purposes.
The plaintiffs consist of the New York State Bingo Control Commission, the members of the commission, and the employees and investigative staff of the commission. The defendants are comprised in part of the Governor of the State of New York, the Secretary of State, the State Racing and Wagering Board, the Comptroller of the State, and the President of the State Civil Service Commission.
Under chapter 437 of the Laws of 1962 the State Bingo Control Commission was created within the Department of State. (Executive Law, § 433.) The commission being legislatively created, it may be abolished only by statute and a failure to appropriate salary for such a commission is insufficient action to abolish the commission. (Matter of Sullivan v Taylor, 279 NY 364; Matter of Collins v City of Schenectady, 256 App Div 389; Timpano v Hanna, 77 Misc 2d 874, affd 44 AD2d 912; see Matter of Friedman v D’Antoni, 50 AD2d 9.)
In the program budget presentation the Executive Department recommended the abolition of the State Bingo Control Commission and a transfer of the remaining functions of that commission and certain moneys for staff and related expenses to the State Racing and Wagering Board. The purpose of the recommendation was to consolidate in the State Racing and Wagering Board functions regulating games of chance. In addition, a specific budget bill was introduced in the Legislature, which, among other things, was designed to abolish the Bingo Control Commission. In the 1975 budget there was no appropriation for the State Bingo Control Commission and there was an additional appropriation to the State Racing and Wagering Board. The specific bill abolishing the State Bingo Control Commission, however, passed the Assembly but did not pass the Senate.
The issue presented is whether the Legislature in adopting the 1975 budget evidenced an intent to abolish the New York State Bingo Control Commission. In my opinion, the specific language contained in the program budget presentation recommending the abolition of the State Bingo Control Commission and the subsequent passage of the budget by the Legislature evidences a sufficient direct action on the part of the *1054 Legislature to abolish the State Bingo Control Commission. The failure of the Legislature to pass the bill directly affecting the State Bingo Control Commission does not, in my view, negate the direct action by the Legislature. (Church of the Ascension v New York State Racing & Wagering Board, NYLJ, Jan. 22, 1976, p 8 cols 2-3; cf. Lorraine v Carey, unpublished opinion of Hon. James Gibson dated April 22, 1975; contra Ball v State of New York, 83 Misc 2d 903.)
Motion for temporary injunction is denied.