■ ROBERT L. MITCHELL, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendant. [724 NYS2d 909] —In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Schneier, J.), dated July 10, 2000, as,

upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $1,600,000 ($600,000 for past pain and suffering, and $1,000,000 for future pain and suffering).

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages for past and future pain and suffering only, unless the plaintiff, within 20 days after service upon him of a copy of this decision and order, with notice of entry, shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $550,000 ($150,000 for past pain and suffering and $400,000 for future pain and suffering), and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

The determination of the amount of damages to be awarded for personal injuries is primarily a question of fact for the jury (*see, Dopwell v City of New York,* 227 AD2d 436; *Gaetan v New York City Tr. Auth.,* 213 AD2d 510). An award is excessive if it "deviates materially from what would be reasonable compensation" (*see,* CPLR 5501 [c]; *Christopher v Great Atl. & Pac. Tea Co.,* 76 NY2d 1003, 1005; *Campbell v Driscoll,* 190 AD2d 771). The jury's award was excessive to the extent indicated. Altman, J. P., S. Miller, McGinity and Luciano, JJ., concur.