■ LEWIS KOVIT et al., Respondents, v ESTATE OF KATHERINE HALLUMS, Respondent, CITY OF NEW YORK, Appellant, et al., Defendant. [763 NYS2d 325] —In an action to recover damages for personal injuries, etc., the defendant City of New York appeals from a judgment of the Supreme Court, Kings County (R. Rivera, J.), dated February 6, 2001, which, upon a jury verdict finding it 97% at fault in the happening of the accident and awarding the plaintiff Lewis Kovit the sum of $5,000,000 for past pain and suffering, $10,000,000 for future pain and suffering, $440,381 for past loss of earnings, and $800,618 for future loss of earnings, and awarding the plaintiff Marie Kovit the sum of $250,000 on her derivative cause of action, and upon denying its motion pursuant to CPLR 4404 to set aside the verdict on the grounds that the plaintiffs failed to establish a prima facie case, the verdict was against the weight of the evidence, and the damage awards were excessive, is in favor of the plaintiffs and against it.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provisions thereof awarding the plaintiff Lewis Kovit damages for past and future pain and suffering; as so modified, the judgment is affirmed, with costs to the appellant, and a new trial is granted on the issue of damages for past and future pain and suffering only, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiff Lewis Kovit shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict

as to past pain and suffering from the sum of $5,000,000 to the sum of $2,000,000, and as to future pain and suffering from the sum of $10,000,000 to the sum of $1,750,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff Lewis Kovit so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

As explained in the prior appeal in this matter (*see Kovit v Estate of Hallums,* 261 AD2d 442 [1999]), the decedent of the defendant estate (hereinafter the decedent) was driving her vehicle when it collided with a vehicle owned by the New York City Health and Hospitals Corporation (hereinafter HHC). The occupants of the HHC vehicle, who were in radio contact with a nearby HHC hospital, advised HHC employees of the accident. The plaintiff Lewis Kovit, an HHC employee, later arrived at the scene of the accident, along with several New York City police officers. At some point, the decedent, in response to the command she received from one of the responding police officers, and with the apparent purpose of clearing the intersection where the accident occurred, backed up her car in such a way as to pin Kovit against a van driven by the defendant John Feliciano, who had entered the intersection. This accident resulted in serious injuries, which ultimately necessitated an above-the-knee amputation of Kovit's right leg.

We reject the City's contention that because there was no special relationship which would create a special duty of protection with respect to the plaintiff, it is entitled to governmental immunity for the actions of its police officers. Once the police officers undertook to direct the decedent to move her car, they were obligated to do so with due care. Accordingly, under the circumstances, the plaintiffs were not required to demonstrate a special relationship. Liability can be imposed upon a police officer for negligently directing a citizen to move a vehicle (*see Parvi v City of Kingston,* 41 NY2d 553, 559 [1977]; *Maloney v Scarfone,* 25 AD2d 630 [1966]; *cf. Balsam v Delma Eng'g Corp.,* 90 NY2d 966 [1997]). Here, there was evidence that the police negligently directed the decedent to move her vehicle.

In addition, questions of negligence and apportionment of fault are generally matters for the factfinder, and the jury's apportionment of fault should not be disturbed since it was based on a fair interpretation of the evidence (*see Seaman v Town of Babylon,* 231 AD2d 704, 705 [1996]; *Nicastro v Park,* 113 AD2d 129 [1985]).

The determination of the amount of damages to be awarded for personal injuries is primarily a question of fact for the jury.

An award is excessive if it "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]; *see Mitchell v New York City Tr. Auth.,* 283 AD2d 618, 619 [2001]). Here, the jury award was excessive to the extent indicated. Feuerstein, J.P., Smith, Friedmann and Adams, JJ., concur.