OPINION OF THE COURT
Doris Ling-Cohan, J.
This motion presents a novel question: whether a City Council member is covered by the Workers’ Compensation Law.
At the time of the alleged incident, the plaintiff, Lucy Cruz, was a member of the City Council. This is an action to recover damages for personal injuries and for loss of services as the result of the City Council member being struck by an elevator door inside City Hall.
The defendant City of New York moves for an order, pursuant to CPLR 3025 (b), permitting it to amend its answer to assert *823 the defenses of workers’ compensation, res judicata and collateral estoppel; and pursuant to CPLR 3212, granting summary-judgment dismissing the complaint.
In support of its motion, the City argues that City Council members are employees covered by the Workers’ Compensation Law for injuries suffered in the scope of their employment. The City alleges that the plaintiff Lucy Cruz applied for workers’ compensation benefits.
In opposition, the plaintiffs argue that the court’s order dated July 19, 2002, granting without opposition plaintiffs’ motion for leave to file a late notice of claim, is dispositive of this motion. The plaintiffs further argue that a member of the City Council is not an employee of the City subject to the Workers’ Compensation Law, and that the City is guilty of laches. The plaintiff Lucy Cruz alleges that she did not make an application for workers’ compensation benefits.
In reply, the City argues that, by Executive Order, the members of the City Council were brought within the coverage of the Workers’ Compensation Law. By surreply, plaintiffs argue that the Mayor may not issue such an Executive Order, which usurps the legislative power of the City Council.
Motion to Amend
Leave to amend a pleading should be freely granted, unless the proposed amendment prejudices or surprises the opposing party, is palpably insufficient as a matter of law, or is totally devoid of merit. (Crimmins Contr. Co. v City of New York, 74 NY2d 166 [1989].) In addition, it is well-settled that a motion to amend the answer, to assert the defense of workers’ compensation, must be granted even when first raised on the eve of trial. (Murray v City of New York, 43 NY2d 400 [1977].)
In the instant case, the proposed amended answer does not result in prejudice nor surprise, and it cannot be said that the amendment is palpably insufficient as a matter of law, or totally devoid of merit. Therefore, the motion to amend the answer is granted.
Motion for Summary Judgment
Turning to the motion for summary judgment, the proponent must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issue of fact from the case. (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957].) The failure to *824 make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers. (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985].) Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action. (Zuckerman v City of New York, 49 NY2d 557, 562 [1980].) Mere conclusions, expressions of hope, or unsubstantiated allegations are insufficient for this purpose. (Id.)
A threshold question is whether this motion should be resolved by this court or whether the issue should be referred for determination to the Workers’ Compensation Board. It is well-settled that where there is a mixed question of law and fact, the Workers’ Compensation Board has primary jurisdiction to determine whether or not a person is an employee. (Liss v Trans Auto Sys., 68 NY2d 15 [1986]; Shine v Duncan Petroleum Transp., 60 NY2d 22 [1983]; Botwinick v Ogden, 59 NY2d 909 [1983].) However, where the employment question presents “an issue of statutory construction and presents a pure question of law,” the courts may resolve the issue without reference to the Board. (O’Rourke v Long, 41 NY2d 219, 224 [1976].)
Here, contrary to the arguments made by both parties, there is a controlling statute which clearly provides that a member of the City Council is a City Council employee for the purposes of the Workers’ Compensation Law. Administrative Code of the City of New York § 3-204.3 specifically provides that
“a. As used in this section, the term ‘city council employees’ shall include all duly sworn members of the city council as well as all salaried employees who comprise the staff of the city council on a full-time or part-time basis.
“b. Pursuant to the authorization contained in group nineteen of subdivision one of section three of the state workers’ compensation law, the coverage of the workers’ compensation law is extended to cover all city council employees.”
As there is a controlling statute governing the relationship, this court will not defer the determination to the Workers’ Compensation Board. Administrative Code of the City of New York § 3-204.3 makes clear that a member of the City Council is covered by the Workers’ Compensation Law. Therefore, the court need not reach the issue raised by plaintiffs that the *825 Mayor may not usurp the legislative power of the City Council by issuing an Executive Order covering City Council members, given that by statute such members are included within the ambit of the Workers’ Compensation Law.
Workers’ Compensation Law § 11 provides in pertinent part: “[t]he liability of the employer . . . shall be exclusive and in place of any other liability whatsoever, to such employee ... or any person otherwise entitled to recover damages, ... at common law or otherwise, on account of such injury or death . . . .” Thus, workers’ compensation benefits are the exclusive remedy with regard to liability of an employer to an employee on account of an injury to the employee during the course of his or her employment. A worker injured during the course of the worker’s employment cannot maintain an action to recover damages for personal injuries against the owner of the premises upon which an accident occurred when, as here, the owner is also the entity which employed the worker. (Heritage v Van Patten, 59 NY2d 1017 [1983].) Consequently, as it is undisputed that the subject accident occurred inside City Hall, the place of plaintiff Lucy Cruz’ employment, plaintiffs may not maintain this personal injury action because the exclusive remedy is workers’ compensation.
Finally, contrary to the plaintiffs’ assertion, the court’s prior order granting leave to serve a late notice of claim is not dispositive of this motion for summary judgment because the standards applied on the two motions are so different. (See General Municipal Law § 50-e [5]; Gelles v New York City Hous. Auth., 87 AD2d 757 [1st Dept 1982]; Strauss v New York City Tr. Auth., 195 AD2d 322 [1st Dept 1993]; Diallo v City of New York, 224 AD2d 339 [1st Dept 1996].)
Accordingly, it is ordered that the defendant’s motion for leave to amend the answer herein is granted, and the amended answer in the proposed form annexed to the moving papers is deemed served and filed; it is further ordered that the defendant’s motion for summary judgment is granted and the complaint is dismissed, with costs and disbursements to defendant as taxed by the Clerk of the Court upon submission of an appropriate bill of costs.