■ JOSE CABRERA, Appellant-Respondent, v SIDNEY HIRTH et al., Respondents-Appellants, et al., Defendants. [779 NYS2d 471]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered November 26, 2003, after a jury trial, which denied the motion by defendants Hirth, 1509 St. Nicholas Associates and Proto Realty Management to set aside the verdict as against the weight of evidence and dismiss the action, but granted their application for a new trial unless plaintiff stipulates to reduce the award for past pain and suffering from $1.5 million to $750,000 and for future pain and suffering from $2 million to $1.3 million and to decrease said defendants' apportionment of liability from 50% to 33⅓% unanimously modified, on the law and the facts, the application for a new trial denied in its entirety, and otherwise affirmed, without costs. Appeal from order, same court (Dianne T. Renwick, J.), entered October 10, 2003, to the extent

it denied said defendants' pretrial motion for summary judgment, unanimously dismissed, without costs, as superseded by the appeal from the posttrial order.

Plaintiff, a repairman who worked on the premises, was assaulted and robbed by the nonappealing defendant, an apartment dweller, at the mixed-use residential/commercial building owned, leased and managed by defendants Hirth, 1509 St. Nicholas Associates and Proto Realty Management. The case went to trial on the question of whether the property owner/lessor/manager had been negligent in not evicting the perpetrator and members of his household, pursuant to Real Property Law § 231 (2), based on his criminal history and reputation as a drug dealer. There was sufficient evidence at trial of notice to the property defendants regarding the perpetrator's persistent criminal activity on the premises, indicating a likelihood of injury to others, and there was a causal relationship between the alleged omission and plaintiff's injuries (*see Luisa R. v City of New York*, 253 AD2d 196 [1999]). The court erred, however, in rejecting the jury's 50-50 apportionment of fault between the property defendants and the perpetrator (*see Chianese v Meier*, 98 NY2d 270 [2002]). It is well settled that negligence and apportionment of liability are generally matters for the factfinder's determination, and a jury's apportionment of fault should not be disturbed where, as here, it is based on a fair interpretation of the evidence (*Kovit v Estate of Hallums*, 307 AD2d 336, 337 [2003]). The court also erred in determining that the amount of damages awarded for past and future pain and suffering deviated materially from what is reasonable compensation to plaintiff under these circumstances. Concur—Nardelli, J.P., Ellerin, Williams, Lerner and Catterson, JJ.