OPINION OF THE COURT
Doris Ling-Cohan, J.
*235 Background
This is an action to recover damages for personal injuries and wrongful death on behalf of the decedent, James E. Davis. The decedent was employed as a member of the New York City Council when he was, tragically, fatally shot by an assailant in City Hall’s Council Chambers on July 23, 2003. Plaintiff Thelma D. Davis, the mother of Mr. Davis and the administratrix of his estate, commenced this suit by the filing of a summons and complaint on or about April 14, 2004. The verified complaint alleges that defendants, the City of New York, the New York City Police Department, various police officers and Mayor Michael Bloomberg, failed to provide adequate security at City Hall, thereby allowing the armed assailant who shot and killed Mr. Davis to enter the building undetected. (See, affirmation of Kenneth Sasmor, Esq. in support of City’s motion [Sasmor affirm], dated May 5, 2004, exhibit A.)
Defendants have moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, arguing that plaintiffs sole remedy is her workers’ compensation claim and asserts such as a defense. In opposition, plaintiff contends that decedent, as a member of the City Council, was not an employee of defendants and therefore this action is not barred by plaintiffs workers’ compensation claim.
It is undisputed that, on or about December 9, 2003, plaintiff filed a workers’ compensation claim for death benefits stemming from the subject incident (see, Sasmor affirm, exhibit B). In a decision filed March 15, 2004, the Workers’ Compensation Board (WCB) Judge Donald Holley determined, after a hearing held on March 8, 2004, that “[t]he claimant James Davis (Dec’d) had a work related injury involving death.” (Sasmor affirm, exhibit C.)
On or about March 22, 2004, WCB Judge Donald Holley rendered the following decision, after a hearing held on March 15, 2004:
“I find that the deceased’s mother is entitled to an award as a surviving parent of the deceased in the amount of $50,000.00. The [father of decedent] passed away prior to the death of deceased. Section 16 subdivision 4-6 of the [Workers’ Compensation] Law. No further action is planned by the Board at this time.” (Sasmor affirm, exhibit D.)
On or about March 18, 2004, the City issued a check in the amount of $50,000, payable to plaintiff. (Sasmor affirm, exhibit E. )
*236 On or about July 30, 2004, the WCB issued an amended notice of decision which indicates that the “[e]mployer or its insurance carrier are directed to pay at once” $3,000 to the Uninsured Employer’s Fund and $2,000 to the Vocational Rehabilitation Fund. The decision then provides, as follows:
“DECISION: The mother of the deceased is entitled to a fifty-thousand dollar (50,000) award as the surviving parent. The father of the deceased passed away prior to the death date. Decision under Section 16 subdivision 4-6 of the [Workers’ Compensation Law]. This serves to amend a previous notice of decision filed on March 22, 2004.” (Supplemental affirmation in opposition of Derek S. Sells, dated Oct. 20, 2004 [Sells supp affirm], exhibit B.)
At the bottom of the page containing the above decision is claimant’s name, WCB case number, the date of accident, location of the WCB district office, the date of the WCB decision, and entries which read “Employer — City Council” and “Carrier — City of New York.”
Discussion
Whether a City Council employee is covered by the Workers’ Compensation Law was resolved by this court in an unrelated case (Cruz v City of New York, 4 Misc 3d 822 [Sup Ct, NY County 2004]). In Cruz, this court ruled that “Administrative Code of the City of New York § 3-204.3 makes clear that a member of the City Council is covered by the Workers’ Compensation Law.” (Id. at 824.)
Indeed, Administrative Code § 3-204.3 provides that:
“a. As used in this section, the term ‘city council employees’ shall include all duly sworn members of the city council. . .
“b. Pursuant to the authorization contained in group nineteen of subdivision one of section three of the [Workers’ Compensation Law], the coverage of the workers’ compensation law is extended to cover all city council employees” (emphasis supplied).
In fact, workers’ compensation coverage was specifically extended by this City’s municipal corporation in 1985 to include its elective legislative employees, with the passage of Local Law No. 33 (1985) of the City of New York (currently Administrative Code § 3-204.3), pursuant to Workers’ Compensation Law § 3 (1) (Group 19), which authorizes “any municipal corporation . . . [to] bring its employees or officers, elective or appointed or *237 otherwise . . . within the coverage of this chapter by appropriate action of the legislative or governmental body of the municipal corporation” (emphasis supplied).
Aside from the specific workers’ compensation provision affecting City Council members, other provisions of law provide ample evidence of city employment status. The salary of Council members is fixed in New York City Charter § 26 (b), and is subject to recommendations for change in compensation under Administrative Code § 3-601. Council members receive City of New York paychecks. (See NY City Charter § 1100 [which exempts Council members from full-time devotion to the duties of their office, and acknowledges in the body of this provision that they “receive! ) a salary from city”].) Additionally, Council members make contributions to the New York City Employees’ Retirement System under Administrative Code § 13-190, and are eligible for pensions under that system. Also, Council members are represented by the City’s Corporation Counsel and are indemnified by the City of New York, under Administrative Code § 3-204.4 and pursuant to General Municipal Law § 50-k. Further verification of Council members’ city employment status is provided in New York City Charter § 1116, concerning criminal and forfeiture of office penalties for fraud, neglect of duty, and willful violation of law relative to office. That provision applies to “[a]ny council member or other officer or employee of the city.” (NY City Charter § 1116 [a].)
Thus, since decedent, a City Council employee, is specifically subject to the Workers’ Compensation Law by statute, this action is barred by operation of Workers’ Compensation Law §§11 and 29, which limit plaintiffs remedy to a workers’ compensation claim.
Citing no pertinent legal authority, plaintiff argues that New York City, the Police Department and the Mayor are entities distinct from the City Council, for purposes of workers’ compensation, and that New York City merely acted as a workers’ compensation “carrier” for the City Council, rather than decedent’s employer or coemployee.
Barry v City of New York (175 Misc 712 [1941] [Sup Ct, NY County], affd 261 AD2 957 [1st Dept 1941]), cited by plaintiff, concerned the City’s liability for payment of an attorney for services rendered to the City Council. The legal question in Barry involved City Charter provisions which required city agencies to obtain an appropriation from New York City before incurring excess expenses. The Barry court did not deem the City Council *238 an “agency” of the City for purposes of the City Charter, a ruling which did not entail a review or consideration of the Workers’ Compensation Law, and which is inapposite to this case.
Vaughn v City of New York (108 Misc 2d 994 [Sup Ct, NY County 1980], affd 89 AD2d 944 [1st Dept 1982]), also cited by plaintiff, has no relevance to this matter. Plaintiff in Vaughn was an employee of the New York City Health and Hospitals Corporation (HHC) when she was struck by a portion of the exterior facade of Bellevue Hospital Nurse’s Residence, a building owned, and allegedly operated, by New York City. Ms. Vaughn received workers’ compensation benefits, as an employee of HHC, and sued the City, which moved to amend its answer to assert the workers’ compensation defense. The trial court reviewed numerous factors, none of which are applicable here, demonstrating the independent nature of the HHC, then noted that HHC was created by legislation specifically declaring it a separate “body corporate and politic constituting a public benefit corporation” (id. at 998).
This is contrary to the status of the New York City Police Department (NYPD). Although separately named as a defendant, the NYPD is not an incorporated entity and has no independent legal existence, but merely serves as an agency of the City of New York.
The issue in Ciervo v City of New York (93 NY2d 465 [1999]), cited by plaintiff, was whether or not the so-called “firefighter’s rule” should be applied to bar a sanitation worker’s lawsuit. Ciervo concerned a claim for injuries allegedly caused by a defective sidewalk owned by the City; yet, since sanitation workers are not covered by the Workers’ Compensation Law (see Workers’ Compensation Law § 3 [Group 17]), that defense was not available to the City in Ciervo. Ciervo is, therefore, distinguishable from the instant matter.
Kovit v Estate of Hallums (307 AD2d 336 [2d Dept 2003]), also cited by plaintiff, is inapposite because Kovit was an HHC employee, not an employee of the City; his lawsuit against New York City was therefore permitted to proceed. Significantly, as indicated above, the HHC is a public benefit corporation, independent of the City of New York and is not an agency of the City. (Brennan v City of New York, 59 NY2d 791 [1983].) Further, the issue of workers’ compensation benefits was not an issue before the Kovit court.
The court further notes that plaintiffs argument that New York City acted merely as a workers’ compensation carrier on *239 behalf of the City Council, and not as decedent’s employer or coemployee, is also without merit. The July 30, 2004 decision directed that payments be made by “employer or its insurance carrier.” (See, Sells supp affirm, exhibit B.) Despite the reference to New York City as the “carrier” on the bottom portion of the July 30, 2004 decision, John Sweeney, Chief of the City’s Workers’ Compensation Division, has stated under oath that “[t]he City of New York is a self-insured employer for payment of Worker’s Compensation benefits, but is included within the definition of an ‘insurance carrier’ under Worker’s Compensation Law § 2 (12)” (see, John Sweeney .affidavit, dated Oct. 22, 2004, 1i 3). Furthermore, Workers’ Compensation Law § 2 (12) defines an “insurance carrier” to include “employers permitted to pay compensation directly,” as the City did in the instant case. (See, Sasmor affirm, exhibit E [copy of the New York City check, dated Mar. 18, 2004, payable to plaintiff].) The Workers’ Compensation Law § 2 (12) provision which defines a self-insured employer as a “carrier” explains the reference to New York City as the “carrier,” made in the July 30, 2004 WCB decision.
In the case herein, the law is clear. Section 3-204.3 of the Administrative Code specifically provides that “a member of the City Council is covered by the Workers’ Compensation Law.” (Cruz, supra at 824.) Workers’ Compensation Law § 11 provides an exclusive remedy where an employee is killed or injured in the course of employment:
“The liability of an employer . . . shall be exclusive and in place of any other liability whatsoever, to such employee, his or her personal representatives, spouse, parents, dependants, distributees, or any person otherwise entitled to recover damages, contribution or indemnity, at common law or otherwise, on account of such injury or death . . . .”
Workers’ Compensation Law § 29 (6) provides that the right to workers’ compensation benefits “[s]hall be the exclusive remedy to an employee, or in case of death his or her dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ.”
Thus, by operation of the Workers’ Compensation Law and the Administrative Code, the instant action is required to be dismissed in its entirety. The exclusive remedy afforded by the Workers’ Compensation Law also insulates the Mayor from this action, since he is an employee of New York City and coemployee of decedent.
*240 Since plaintiff cannot, as a threshold matter, show that this claim was not covered under the Workers’ Compensation Law, the complaint must be dismissed for failure to state a claim. (CPLR 3211 [a] [7].) Plaintiffs recovery is thus limited to the $50,000 award she received from the Workers’ Compensation Board. All other arguments asserted by plaintiff have been considered and are found to be without merit.
Accordingly, it is hereby ordered that defendants’ motion to dismiss is granted and the complaint is dismissed in its entirety